U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAY 22 2014

TONY R. MOORE, CLERK
BY_____
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Ethridge                                            Civil Action No. 12-03086

versus                                             Judge Richard T. Haik, Sr.

UCAR Pipeline, Inc.                    Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is a Motion For Partial Summary Judgment filed by plaintiff, Janet Daigle Ethridge, [Rec. Doc. 14] and defendant, UCAR Pipeline, Inc. ("UCAR")'s, Opposition thereto [Rec. Doc. 21], as well as UCAR's Motion For Summary Judgment [Rec. Doc. 17], and plaintiff's Memorandum In Opposition thereto [Rec. Doc. 22]. For the reasons that follow, the Court will deny plaintiff's motion and grant UCAR's motion.

*Background*

Plaintiff is the owner of a divided tract of immovable property ("the Property") in St. Mary Parish, Louisiana which has approximately 970 feet of frontage on the Charenton Drainage and Navigation Canal. UCAR owns and maintains an ethylene pipeline ("Pipeline Servitude") that runs across the property including the Ethridge Property. Defendant's right to maintain the UCAR Pipeline was granted in a document entitled "Pipeline Right of Way Grant" executed by plaintiff's ancestors in title, Josephine Heinen Daigle and Ana Marie Privat and dated September 9, 1975 ("Servitude Agreement"). Pursuant to the Pipeline Servitude, UCAR was granted a single "servitude of right of way along and through a strip of land thirty feet in width, for the purpose of constructing, maintaining, operating, repairing, replacing and removing, in whole or in part, one (1) eight (8") pipeline for the transportation of oil, gas and other liquid or gaseous hydrocarbons." UCAR installed an 8 inch pipeline after the Servitude Agreement was executed and continues to operate the pipeline on the route depicted in the Servitude Agreement.

Case 6:12-cv-03086-RTH-CMH Document 24 Filed 05/22/14 Page 2 of 7 PageID #: 273

Plaintiff, along with her brothers, Alfred J. Daigle and Albert T. Daigle, inherited the property at issue from their mother, Josephone Heinen Daigle. Plaintiff's ownership of the property encumbered by the UCAR servitude was transferred through an Act of Partition filed on June 3, 2002, that partitioned in kind the property plaintiff and her two brothers inherited. *R. 17-4*. UCAR represents that the 2013 tax rolls include the following co-owners in indivision of the original property burdened by the Pipeline Servitude: (1) Lucinda Gardener Privat; (2) the West St. Mary Port Harbor and Terminal District; (3) Tylers Dirt Haulers, Inc.; (4) Alfred J. Daigle; (5) Albert T. Daigle; (6) Janet Daigle Ethridge; (7) Joseph Ray Tyler; (8) St. Mary Parish Police Jury; and (9) Vappaille Land, LLC. *R. 17, citing 17-5, 17-6, 17-7, Aff. Of Jere Dial.*

On July 21, 2010, plaintiff's previous counsel forwarded written correspondence to defendant which included notification of plaintiff's desire to use her property for commercial purposes and requested that the pipeline be moved. Plaintiff based her action on Section 28 of the Pipeline Servitude which provided:

> In the event Grantor's heirs, successors or assigns desire to use said property for commercial purposes or to sell same, then in that event Grantee agrees to locate its line commencing not later than ninety (90) days from the date of such notification at its own expense, provided however, grantor will provide to Grantee [a] suitable relocation route without cost."

*Id. 14-4; 17-3.* In August 2012, UCAR received a letter from James Ethridge, the husband of plaintiff, demanding a $300,000 payment "not to demand relocation on her parcel." *R. 17-7.* Mr. Ethridge also stated that if UCAR would not agree to the demand he would take judicial action and consider demanding "the civil fruits of the pipeline's trespass on my property." *Id.* UCAR did not agree to relocate the Pipeline on plaintiff's property.

*Summary Judgment Standard*

Summary judgment is appropriate when there is no genuine issue as to any material

2

facts, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Factual controversies are resolved in favor of the non-moving party only if there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*). The court must determine whether there are any genuine issues of material fact which preclude judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

*Analysis*

<u>Plaintiff's Motion For Partial Summary Judgment</u>

Plaintiff contends that, pursuant to the provision in the Act of Servitude, she has provided notice of her desire to develop the property for commercial use, requested relocation of the pipeline and provided a suitable route. She further contends that her proposed route "is clearly suitable for plaintiff to make her property as commercial [*sic*] viable as possible." Plaintiff maintains that her engineer, Charles Norman, P.E., reviewed plaintiff's proposed route and determined that the route was suitable and feasible. *R. 14-2*. Thus, plaintiff argues she is entitled to summary judgment for UCAR's non-performance of it obligations under the Servitude Agreement.

UCAR disputes that plaintiff has provided a suitable alternative route, citing the findings of Jere H. Dial, a representative from the Land & Right-of-Way Division responsible for UCAR's Pipeline[1]. *R. 17-5*. Dial opines that "[r]elocating the Pipeline per plaintiff's demand [would] require UCAR to shift the course of the pipeline not only on plaintiff's property, but also on adjoining tracts of land owned by others ...", and in order to

---

[1] Dial is employed by Dow Pipeline Company a wholly owned subsidiary of Dow Chemical Company, who provides services to UCAR also a subsidiary of Dow Chemical Company.

accomplish the relocation, the pipeline route would have to involve "several sharp angles and one section that actually runs opposite to the direction of product flow in the pipeline." *Id.* Based on the foregoing disputed issues of material fact, the Court will deny plaintiff's motion for partial summary judgment.

*UCAR's Motion For Summary Judgment*

UCAR contends that the Pipeline Servitude is a predial servitude. A predial servitude is "[a] charge on a servient estate for the benefit of a dominant estate." La. C.C. art. 646. The servient estate and the dominant estate must belong to different owners, and the charge on the servient estate must provide a benefit to the dominant estate. *Id.* art. 647. UCAR further contends that the servient estate in this case is plaintiff's property and the dominant estate is the pipeline. Under Louisiana law, a predial servitude is inseparable from the dominant estate, and it cannot be alienated or encumbered separately from the dominant estate. *Id.* art. 650.

The Court finds that the Pipeline Servitude created by the Servitude Agreement is properly interpreted as a personal servitude of right of use. "Louisiana law recognizes that parties may create a personal servitude of right of use in favor of a natural person or legal entity for a specified use of an estate less than full enjoyment. La. C.C. art. 641. In contrast to a predial servitude, which benefits a dominant estate, a personal servitude is for the benefit of a designated person or legal entity, in this case UCAR. However, the right of use may confer only an advantage that may be established by a predial servitude, *id.* art. 640, and such personal servitudes are regulated by the rules governing predial servitudes to the extent that their application is compatible with the rules governing personal servitudes. *Id.* art. 645. The Civil Code also provides that a right of use is transferable unless prohibited by law or contract." *Id.* art. 643. *See, LaFargue v. U.S.*, 4 F.Supp.2d 593, 601 (E.D.La., 1998) (J.

4

Vance).

UCAR argues that plaintiff's interpretation of section 28 of the Servitude Agreement is contrary to the law embodied in La. Civ. Code art. 748 and is therefore nonenforceable under Louisiana law. Under Article 748, a servitude may not be repositioned by the owner of the servient estate unless there is a showing that "the original location has become more burdensome for the owner or that the location prevents him from making useful improvements to his property.... All expenses of relocation are borne by the owner of the servient estate."

UCAR cites the Louisiana Third Circuit case, *Thibco Investments, LLC v. Thibodeaux*, 102 So.3d 1043, 1044 (La.App. 3 Cir. 2012), in support of its position that the provision at issue in the Servitude Agreement is nonenforceable. In *Thibco*, the court held that a servitude of passage relocation agreement which shifted the allocation of costs for relocation of the right of passage to the owner of the dominant estate was unenforceable under Article 748. Article 748 took effect as a new law on January 1, 1977 while the Servitude Agreement at issue was executed in 1975. If an act creates a new obligation where no such obligation existed before, the act is substantive, such that it applies prospectively only in the absence of contrary legislative expression. La. Civ. Code art. 6; LSA-R.S. 1:2. UCAR has failed to establish that Article 748 applies to the Servitude Agreement in this case.

Finally, UCAR argues that the Pipeline Servitude created in favor of UCAR in 1975 is an indivisible servitude under La. Civ. Code art. 652, as the division of the servient estate by partition did not divide the Pipeline Servitude. Changing the location of the pipeline changes the encumbrance of the servient estate. As required by La. Civ. Code arts. 804 and 805, the consent of all co-owners is required for the substantial alteration, improvement, lease, alienation, or encumbrance of the Pipeline Servitude— "the thing held in indivision"

in this case.

Rule 12(b)(7) of the Federal Rules of Civil Procedure states that a party may assert failure to join a party under Rule 19 as a defense. UCAR contends that the remaining owners of the undivided Pipeline Servitude are indispensable parties under Rule 19(b) because, as an undivided co-owner of the Pipeline Servitude, plaintiff's demand to re-location the pipeline changes the encumbrance of the servient estate and the consent of all co-owners is required for the encumbrance of a thing held in indivision under La. Civ. Code art. 805. The Court agrees that plaintiff has no right to demand relocation of the pipeline without the consent of all other co-owners of the immovable property encumbered by the Servitude Agreement. A predial servitude is indivisible. La. Civ. Code art. 652. When a thing held in indivision is partitioned in kind or by licitation, a real right burdening the thing (ie. the Pipeline Servitude) is not affected.[2] La. Civ. Code art. 812.

Moreover, the Court agrees with UCAR that a demand such as that made by plaintiff in this case "advances the position that any landowner in any of the divided tracts can demand a re-location of UCAR's pipeline to create a situation where the pipeline route becomes twisted spaghetti." *R. 17.* Thus, UCAR would be subject to multiple or inconsistent obligations for plaintiff's claim. Plaintiff's position is not a reasonable construction of the Servitude Agreement or Louisiana law governing servitude rights. Such action would adversely effect UCAR's interests and its enjoyment of the servitude would be diminished as it would be more inconvenient. As it is undisputed that the remaining owners of the undivided Pipeline Servitude are Louisiana citizens, *R. 17-5, 6, 7,* and are indispensable parties under Rule 19(b). Because a dismissal under Rule 12(b)(7) is not one

---

[2] The partitioning of the servient estate did not partition the Pipeline Servitude. "[T]he division of the servient estate does not affect adversely the interests of the owner of the dominant estate. Insofar as these interests are concerned, the servitude remains the same." Yiannoplulos, "Predial Servitudes: General Principles", 19 La. Law Rev. 1, 20 (1968).

on the merits, plaintiff's action will be dismissed without prejudice. 5A Wright & Miller § 1359.

*Conclusion*

Based on the foregoing, the Court will deny plaintiff's Motion For Partial Summary Judgment and grant UCAR's Motion For Summary Judgment.

_____
U.S. District Judge Richard T. Haik, Sr.